**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAMID REZA SAYADI-TAKHTEHKAR,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No.: 1:26-cv-00152 JLT HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Docs. 2, 15) |

Hamid Reza Sayadi-Takhtehkar is in the custody of U.S. Immigration Customs and Enforcement at the Golden State Annex Detention Facility in McFarland, California, proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner was convicted of serious controlled substance offenses in late 1996, for which he received a significant federal prison sentence. (*See* Doc. 15 at 2.) Because of that conviction, in April 2000, he was ordered removed from the United States. (*Id*.) Upon his release from federal prison in December 2021, he was transferred to ICE custody but was released in March 2022 under an Order of Supervision because ICE was unable to remove him to his native Iran. (*Id*. at 2–3.) As the magistrate judge explained (*id*. at 7), this type of release is made only after

1

1  determination that "the alien would not pose a danger to the public or a risk of flight." 8 C.F.R.
2  § 241.13(b)(1).

3  On June 24, 2025, ICE officials arrested Petitioner at his home in Texas, at which time he
4  was informed that ICE was again going remove him to Iran. (*Id*. at 3.) On January 9, 2026,
5  Petitioner initiated this action and filed a request for injunctive relief, which was construed as a
6  request for a preliminary injunction. (Docs. 1, 2, 5.) On January 28, 2026, Respondents filed a 2-
7  page opposition to the motion for preliminary injunction, arguing only that Petitioner is detained
8  under 8 U.S.C. § 1231(a)(6) and acknowledging Respondents have not been able to secure travel
9  documents to effectuate Petitioner's removal to Iran. (Doc. 13.)

10  On March 4, 2026, the assigned magistrate judge issued findings and recommendations to
11  grant Petitioners' motion for preliminary injunction and order his immediate release. (Doc. 15.)
12  Among other things, the magistrate judge emphasized that "Respondents offer no argument or
13  evidence that Petitioner violated the conditions of his release, nor do they demonstrate any
14  changed circumstances such that there is a significant likelihood, or indeed any likelihood at all,
15  that Petitioner may be removed to Iran or an unidentified third country." (*Id*. at 7.) The Court
16  served the findings and recommendations on all parties and notified them that any objections
17  thereto were to be filed within five days. (*Id*.) In addition, the Court warned the parties "that
18  failure to file objections within the specified time may result in the waiver of rights on appeal."
19  (*Id.* at 11, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*,
20  923 F.2d 1391, 1394 (9th Cir. 1991)). Neither party has filed objections, and the deadline to do so
21  has passed.

22  According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
23  case. Having carefully reviewed the matter, the Court concludes the findings and
24  recommendations are supported by the record and proper analysis.

25  Based upon the foregoing, the Court **ORDERS**:
26  1.  The findings and recommendations issued on March 4, 2026 (Doc. 15) are
27      **ADOPTED** in full.
28  2.  The Motion for Preliminary Injunction (Doc. 2) is **GRANTED.**

2

3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from DHS custody on the same conditions as his most recent order of supervision.

4. Once released, Respondents are **ENJOINED** from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

5. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in these cases. *See, e.g., Lepe v. Andrews*, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).

6. Respondents may file further briefing on the merits of the Petition within 30 days, or alternatively, a notice they do not intend to file further briefing. Petitioner may respond to any further briefing no later than 21 days thereafter.

IT IS SO ORDERED.

Dated:   **March 11, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing **SHALL** be provided within seven days of the arrest.