UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAMID REZA SAYADI-TAKHTEHKAR,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

Case No. 1:26-cv-00152-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS [1]

(Doc. 1)

FOURTEEN (14) DAY OBJECTION PERIOD

On January 9, 2026, Petitioner filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that his continued detention by U.S. Immigration Customs and Enforcement (ICE) violates 8 U.S.C. § 1231(a)(6) and its implementing regulations because there is no significant likelihood his removal will be effected in the reasonably foreseeable future, and that his prolonged detention violates his substantive and procedural due process rights because ICE failed to follow regulations governing the revocation of his supervised release. (Doc. 1 at

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

16-23). As relief, Petitioner seeks, *inter alia*, immediate release from custody. (*Id*. at 25).

That same day, Petitioner also filed a motion for a temporary restraining order. (Doc. 2, "TRO"). On January 9, 2026, the district judge denied the TRO as untimely, converted it to a motion for preliminary injunction, and referred the matter to the assigned magistrate judge for prompt determination. (Doc. 5). On March 4, 2026, the undersigned recommended granting the motion for preliminary injunction, finding Petitioner was likely to succeed on his claim that Respondents failed to comply with their own regulations and that his detention following revocation of his supervised release violated due process rights. (Doc. 15). Respondents offered no evidence that Petitioner violated the conditions of his Order of Supervision, did not demonstrate any changed circumstances indicating a significant likelihood that Petitioner may be removed to Iran, and did not explain how they complied with the procedures for revocation of supervised release under 8 C.F.R. § 241.13. (*Id*. at 6-9).

Neither party filed objections. (*See* docket). On March 11, 2026, the district judge adopted the Findings and Recommendations in full, granted the motion for preliminary injunction, and ordered Respondents to immediately release Petitioner. (Doc. 16). The Court also enjoined Respondents from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. (*Id*. at 3).

Having reviewed the record and applicable law,[2] the undersigned concludes, for the reasons stated in the March 4, 2026 Findings and Recommendations (Doc. 15) as adopted by the district court 's March 11, 2026 Order (Doc. 16), that Respondents failed to comply with their own regulations and that Petitioner's detention after revocation of his release violated due

[2] The March 11, 2026 Order directed that Respondents may file further briefing on the merits, or a notice they do not intend to file further briefing within 30 days. (Doc. 16 at 3). The time period to file further briefing has expired; thus, the Court takes the matter under submission on the current record.

process. (Docs. 15, 16). This conclusion is consistent with analogous decisions addressing post final-order detention of noncitizens following revocation of an order of supervision. *See e.g., Vu v. Noem*, 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025); *Huang v. Albarran*, 2026 WL 279888, at *4 (E.D. Cal. Feb. 3, 2026)). Because Petitioner seeks release from unlawful civil detention, the Court recommends the district court grant the petition under 28 U.S.C. § 2241 and fashion the writ to require either continued release on prior conditions or constitutionally adequate pre-deprivation process, as specified in the permanent injunction.

Accordingly, it is RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED and the preliminary injunction entered on March 11, 2026 (Doc. 16) be converted into a permanent injunction implementing the writ, which shall remain in effect.
2. The case be CLOSED.

////

////

////

////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: July 17, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE